Fremont-Smith, J.
In this action under G.L.c. 30A, §14, Lolita Ford seeks judicial review of the decision of the Massachusetts Rehabilitation Commission denying a request for funding for taxi cab service from her home in Brockton to her school in Bedford each morning. The Commission ruled that Ford was ineligible for private taxi cab service because public transportation was available to her.
This Court may not substitute its judgment for that of the administrative agency, even if it would have decided otherwise, unless the agency’s decision was contrary to law or not based on substantial evidence. Here, a review of the administrative record indicates, however, that the Commission’s findings were not supported by substantial evidence and were contrary to law. The administrative record makes clear that the nearest available location of a rehabilitation program for Ford is at Middlesex Community College, approximately forty miles from her home. In order to arrive at Middlesex Community College on time, she must leave her home at 5:45 AM and go by taxi to the bus in Brockton, then transfer from the bus to the subway station at Ashmont and ride the red line its entire length to Alewife where she must transfer to a bus which takes her to the Bedford VA Hospital, where a shuttle bus picks her up to take her to Middlesex Community College. The entire trip takes almost three hours each morning, causing her to be frequently late and castigated by her teachers for tardiness. The hearing officer conceded that the case was “somewhat problematic” because “at some point an objective person would have to say that public transportation is not available due to the length of time it takes to get from one point to another on public transportation.” The hearing officer also admitted that “the only appropriate program for Ms. Ford to attain her vocational goal is the one she is attending.” He, nevertheless, concluded that public transportation, in these circumstances is a “comparable service" so that she is not entitled to private cab fare to get to school in the mornings, which would cost $90 per day. The hearing officer admitted that “perhaps a cab directly from home to Ashmont Station would considerably cut down the commutation time and still have enough public transportation in the equation to keep costs down and still meet the need to teach the vocational skills of negotiating public transportation.” See Administrative Record, p. 51. Nevertheless, the hearing officer concluded that, in these circumstances, public transportation does comprise a “comparable service,” so that private cab service, even to Ashmont Station, was not warranted.
The Court disagrees. A three-hour commute involving several transfers beginning at 5:30 AM each day is *620 not, by any objective standard, a comparable service to private cab service, at least to Ashmont Station.
ORDER
Accordingly, the Court ORDERS that the Commission defray Ford’s costs of transportation, including the cost of private cab service each morning she attends the Middlesex Community College, from her home to Ashmont Station.